**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4921

LEROY PORTER,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Dennis W. Shedd, District Judge.
(CR-96-178)

Submitted: May 15, 1997

Decided: June 3, 1997

Before RUSSELL, HALL, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
Scarlett A. Wilson, Assistant United States Attorney, Columbia,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Leroy Porter was convicted by a jury of one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g), 924(c) (1994). On appeal, he challenges the district court's ruling striking the testimony of his sole defense witness pursuant to Fed. R. Crim. P. 12.1(d). Finding no reversible error, we affirm.

Porter and a co-defendant assaulted two individuals over an alleged debt. When police arrived at the scene, they observed Porter coming from behind a shed next to his residence. Police searched the area and found a sawed-off shotgun. Witnesses testified that the shotgun was the same one Porter used during the assault, and he admitted that the weapon belonged to him.

At trial, Porter attempted to present the testimony of a woman who claimed he was with her most of the evening of the assault and therefore would not have had time to commit the crime. The Government objected on the ground that the defense failed to provide advance notice of its intent to use alibi testimony as required by Fed. R. Crim. P. 12.1.(a). After an in camera review of the testimony, the district court concluded that the defense violated Rule 12.1 and ordered the testimony stricken. Porter does not challenge the court's authority to strike testimony in violation of the rule, or the fact that he did not provide advance notice of his intent to use alibi testimony. Rather, Porter asserts that the witness' testimony simply presented a factually different version of events, not an alibi, and Rule 12.1 thus does not apply.

We review the district court's evidentiary decisions for an abuse of discretion, and we find none here. United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993). Contrary to Porter's assertions, the clear gist of the witness' testimony was that he could not have committed the offense in question because he was with her most of that evening. We find that the district court properly characterized this as alibi testimony. As such, it was within the court's discretion to strike the testimony as a sanction for violating Rule 12.1.

2

We therefore affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3